# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID DEANDA, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0362-TWT-RGV-8 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:13-CV-2951-TWT-RGV |

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties, or if a party is not represented, then directly upon said party.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the

opinion and order of the district court and any appeal of factual findings will be limited to a review for plain error or manifest injustice. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 16th day of September, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DAVID DEANDA, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0362-TWT-RGV-8 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:13-CV-2951-TWT-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant David Deanda's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 245]. For the reasons stated herein, the undersigned finds that this § 2255 motion is time barred and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." See also Edwards v. United States, 295 F. App'x 320, 321 (11th Cir. 2008) (per curiam) (affirming district court's sua sponte denial of § 2255 motion as time-barred).

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned an indictment charging Deanda in Count One with money laundering conspiracy, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i) and 1956(h); in Count Two with conspiracy to distribute at least 5 kilograms of a mixture containing cocaine and/or at least 1,000 kilograms of a mixture containing marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), (vii) and 846; and in Counts Four through Six with money laundering, in violation of §§ 1956(a)(1)(B)(i) and 2. [Doc. 1]. Deanda pleaded guilty to Count One, pursuant to a negotiated plea agreement in which the government agreed to dismiss any and all remaining counts. [Doc. 153-1 at 1, 3]. Deanda faced a possible statutory maximum sentence of twenty years of imprisonment, but there was no mandatory minimum term of imprisonment. [Id. at 2]. On January 7, 2010, the Court entered judgment sentencing Deanda to 151 months of imprisonment. [Doc. 185]. Deanda did not appeal.

AO 72A
(Rev.8/82)

Deanda filed this pro se § 2255 motion on August 29, 2013.[2] [Doc. 245 at 12]. Deanda argues only that his sentence was improperly enhanced, in light of the United States Supreme Court's June 17, 2013, decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). [Doc. 245 at 4]. In Alleyne, the Supreme Court extended its holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), "that any fact that increased the prescribed statutory maximum sentence must be an 'element' of the offense to be found by the jury," to apply to "any fact that increases the mandatory minimum." Alleyne, 133 S. Ct. at 2154-55. The Supreme Court concluded that the jury must find beyond a reasonable doubt that the defendant "brandished" a gun in order to apply the seven-year mandatory minimum under 18 U.S.C. § 924(c)(1)(A)(ii). Id. at 2162-63. Deanda contends that his "sentence was enhanced using facts found by a preponderance of the evidence, and which were not made known to [him] on the face of his indictment" and that this "is no longer permissible under Alleyne." [Doc. 245

---

[2] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Washington, 243 F.3d at 1301.

3

at 4]. Deanda asserts that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) because "Alleyne is a new rule of constitutional law." [Id. at 4, 11].

## II. DISCUSSION

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, there is no claim that the circumstances set forth in subparagraphs (2) or (4) of § 2255(f) apply.

Deanda's conviction became final, for purposes of § 2255(f)(1), on January 21, 2010, when the time for filing a direct appeal expired. See Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing that a defendant's notice of appeal must be filed within fourteen days after the written judgment of conviction is entered on the criminal

4

docket); see also Ramirez v. United States, 146 F. App'x 325, 325 (11th Cir. 2005) (per curiam) ("[F]or § 2255 statute of limitations purposes, a judgment of conviction becomes final when the time for filing a direct appeal expires."). Because Deanda did not file his § 2255 motion until August 29, 2013, more than three and a half years after his conviction became final, it was not timely under § 2255(f)(1).

Subparagraph (3) of § 2255(f) does not save Deanda's motion because Alleyne has not been "made retroactively applicable to cases on collateral review." See 28 U.S.C. § 2255(f)(3). Since "Apprendi does not apply retroactively on collateral review," McCoy v. United States, 266 F. 3d 1245, 1258 (11th Cir. 2001), and Alleyne "is based on an extension of Apprendi, [Deanda] cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review." In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). In any event, Alleyne does not entitle Deanda to re-sentencing because he was not subject to a mandatory minimum term of imprisonment. See [Doc. 153-1 at 2].

Deanda does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his § 2255 motion. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928, 1936 (2013) (A plea of actual innocence can overcome the one-year limitations period for filing a federal habeas

5

corpus action if the movant "presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (citing Schlup v. Delo, 513 U.S. 298, 316 (1995)); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."). Accordingly, Deanda's § 2255 motion is due to be dismissed as untimely.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for

6

that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Deanda's § 2255 motion as time barred is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

### IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 245], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 16th day of September, 2013.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE